UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARIDAD MEDINA, Individually and as Parent and Natural Guardian of Infants B.S. and A.S., and DOUGLASS SMALLS,<br><br>    Plaintiffs,<br><br>-against-<br><br>JOHN DOE SUFFOLK COUNTY POLICE OFFICERS,<br><br>    Defendants. | COMPLAINT<br><br>Index: 21-cv-1964 |

Plaintiffs, Caridad Medina, individually and on behalf of her minor children, and Douglass Smalls, by their attorneys at Barket Epstein Kearon Aldea & LoTurco, LLP, brings this action complaining of John Doe Suffolk County Police Officers who at 6 o'clock in the morning on October 23, 2019, executed a no-knock search warrant at the wrong address:

## INTRODUCTION

1. Caridad Medina lives in a family home in Suffolk County with her three children. Two of her kids are minors, and one, an adult, suffers from epilepsy, schizophrenia, and paranoid delusions that the government is conspiring against him. On a quiet morning on October 23, 2019, Caridad and her family were asleep in their beds. But before the dawn, a team of heavily armed government agents burst down their front door, screaming and pointing guns at the family. Caridad's fifteen-year-old daughter was in her underwear, and her eldest son, suffering from schizophrenia, was handcuffed for half an hour as he sat defenseless watching a team of what appeared to be soldiers ransack his home—his worst delusions turning real.

2. After leaving a trail of physical destruction in the family home and psychological destruction in their minds, the Suffolk County officers executing this no-knock warrant explained

1

that they had raided the wrong dwelling. Their target lived in a completely separate dwelling a floor down—a man who was then subject to a subsequent search and arrest.

3. Caridad and her family bring the present action seeking redress for the damages inflicted by the officers' violation of their rights under the Fourth Amendment.

## PARTIES

4. Caridad Medina is a resident of the State of New York, County of Suffolk, and is the parent and legal guardian of her two minor children, B.S. and A.S., who live with her and are parties to this action.

5. Douglass Smalls is a resident of the State of New York, County of Suffolk, and is an adult-son of Caridad Medina.

6. The John Doe Suffolk County Police Officers were at all relevant times agents and officers of the County of Suffolk, a municipality in the State of New York, acting under color of law. Their true identities will be added to the caption in this matter upon the Plaintiffs' identification of the officers who raided their home—the wrong home—on October 23, 2019.

## FACTUAL BACKGROUND

7. Caridad Medina lives at 38 Clifford Court in Huntington Station, a residence that is located in Suffolk County, New York (the "Home").

8. Caridad Medina lives in the Home with her three children.

9. Two of Ms. Medina's kids are minors, and one, an adult, suffers from epilepsy, schizophrenia, and paranoid delusions that the government is conspiring against him.

10. Before 6:00am on October 23, 2019, Ms. Medina and her children were asleep in their beds.

11. At approximately 6:00am on October 23, 2019, several agents of the Suffolk County Police Department (the "Defendants") executed a warrant at the Home.

12. In executing the warrant at the Home, one or more of the Defendants knocked down the front door of the Home.

13. In executing the warrant at the Home, the Defendants did not knock before going through the front door.

14. After entering the Home, the Defendants pointed guns at Caridad and her children.

15. After entering the Home, the Defendants yelled at Caridad and her children.

16. After entering the Home, one or more of the Defendants handcuffed Douglass Smalls.

17. When the Defendants entered the Home, Ms. Medina's then fifteen-year-old daughter was in her underwear.

18. In executing the warrant at the Home, the Defendants ransacked the Plaintiffs' dwelling.

19. The Defendants executed the warrant at the wrong dwelling.

20. There was no warrant authorizing the Defendants to search the Home.

21. The Defendants acted objectively unreasonably in executing the warrant at the Home.

22. Before executing the warrant, the Defendants knew or should have known that the Home was not the dwelling that formed the target of any search warrant.

23. After entering the Home, the Defendants knew or should have known that the Home was not the dwelling that formed the target of any search warrant.

24. The Defendants has no probable cause to enter the Home.

25. The Defendants remained in the Home even after they knew or should have known that they were in the wrong residence.

## JURISDICTION AND VENUE

26. The Court has jurisdiction over this matter under 28 U.S.C. §1331 because it presents federal questions arising under 42 U.S.C. §1983.

27. Venue in this District is proper under 28 U.S.C. §1391, as the causes of action arose in Suffolk County, New York, a county sitting within the Eastern District of New York.

## JURY DEMAND

28. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiffs request a jury trial on all issues and claims set forth in the Complaint.

## CAUSES OF ACTION

### FIRST:  UNREASONABLE SEARCH IN VIOLATION OF 42 U.S.C. §1983

29. Plaintiffs repeat the allegations above as though set forth again herein.

30. The Defendants executed a search of the Plaintiffs' residence.

31. The Defendants did not have a warrant to search the Plaintiffs' residence.

32. The Defendants' search of the Plaintiffs' residence was unreasonable.

33. The Defendants lacked probable cause to justify a search of the Plaintiffs' residence.

34. There was no applicable exception to the warrant requirement to search the Plaintiffs' residence.

35. The Defendants knew or should have known that they lacked a warrant to search the Plaintiffs' residence.

36. The Plaintiffs were harmed as a consequence of the Defendants' warrantless and illegal search of their residence.

37. The Plaintiffs are entitled to compensatory damages commensurate with the damages caused by the Defendants' unlawful and unreasonable no-knock search of the Home.

38. The Plaintiffs are entitled to punitive damages in light of the reprehensible nature of the Defendants' conduct.

39. Plaintiffs are entitled to attorneys fees arising under 42 U.S.C. §1988(b).

### SECOND:  FALSE ARREST IN VIOLATION OF 42 U.S.C. §1983

40. Plaintiffs repeat the allegations above as though set forth again herein.

41. Plaintiff Smalls was illegally seized.

42. The Defendants intended to confine Plaintiff Smalls.

43. The Defendants handcuffed Plaintiff Smalls.

44. Plaintiff Smalls was conscious of his confinement.

45. Plaintiff Smalls did not consent to the confinement.

46. While he was in handcuffs, Plaintiff Smalls was not free to leave.

47. There was no probable cause to arrest Plaintiff Smalls.

48. There was no reasonable suspicion to stop Plaintiff Smalls.

49. Because of the false arrest, Plaintiff Smalls suffered physical and emotional harm, including but not limited to exacerbating Plaintiff Smalls' predisposition toward psychological illness and distress.

50. The Plaintiffs are entitled to compensatory damages commensurate with the damages caused by the Defendants' unlawful and unreasonable no-knock search of the Home.

51. The Plaintiffs are entitled to punitive damages in light of the reprehensible nature of the Defendants' conduct.

52. Plaintiffs are entitled to attorneys fees arising under 42 U.S.C. §1988(b).

**WHEREFORE,** Plaintiffs pray as follows:

    A.    That the Court award compensatory damages to Plaintiffs and against the defendants jointly and severally, in an amount to be determined at trial;

    B.    That the Court award punitive damages to Plaintiffs and against all defendants in an amount to be determined at trial at a sum that will deter such conduct by defendants in the future;

    C.    That the Court award attorney's fees, costs and disbursements;

    D.    For a trial by jury;

    E.    For a pre-judgment and post-judgment interest and recovery of costs; and

    F.    For any and all other relief to which they may be entitled.

Dated: Garden City, New York
       April 9, 2021

                        **BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP**

                        Alexander Klein, Esq.
                        666 Old Country Road, Suite 700
                        Garden City, New York 11530
                        (516) 745-1500