UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARIDAD MEDINA, Individually and as
Parent and Natural Guardian of Infant and
A.S. BRIANA SPENCER, and DOUGLASS SMALLS,

                  Plaintiffs,

-against-

SUFFOLK COUNTY DETECTIVE BRIAN STEVENS,
and JOHN DOE SUFFOLK COUNTY POLICE
OFFICERS,

                  Defendants.

**ANSWER TO
FIRST AMENDED COMPLAINT**

21-cv-01964 (BMC)

**JURY TRIAL DEMANDED**

      Defendant, Brian Stevens, by his attorney, Dennis M. Cohen, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's First Amended Complaint ('the complaint") respectfully:

      1.    Denies, upon information and belief, the allegations contained in the paragraphs numbered 1, 2, 9, 20, 21, 22, 23, 24, 25 and 26 of the complaint.

      2.    Avers that the allegations contained in the paragraphs numbered 3, 27, 28 and 29 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to Denies any conduct giving rise to any cause of action thereunder.

      3.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 of the complaint.

## AS TO THE FIRST CAUSE OF ACTION

4. Answering the paragraph numbered 30 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

5. Denies, upon information and belief, the allegations contained in the paragraphs numbered 32. 33. 34. 35. 36. 37. 38. 39. 40. 41. 42. 43 and 44 of the complaint.

## AS TO THE SECOND CAUSE OF ACTION

6. Answering the paragraph numbered 45 of the amended complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

7. Denies, upon information and belief, the allegations contained in the paragraphs numbered 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 and 57 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. That the amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

10. That the amended complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

11. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

12. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

13. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendant(s) as set forth in the New York General Municipal Law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

14. That plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15. That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

16. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

17. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

18. That the arrest and/or detention, if any, was mandated by judicial Warrant.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

20. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

21. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

22. That in performing such duties and responsibilities, defendants are and were

protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

23. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

WHEREFORE, defendant demands judgment against the plaintiff dismissing the amended complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
         July 12, 2021

                              Yours etc.,
                              Dennis M. Cohen
                              Suffolk County Attorney
                              Attorney for Brian Stevens
                              H. Lee Dennison Building
                              100 Veterans Memorial Highway
                              Hauppauge, New York 11788

                   By:    */s/ Arlene S. Zwilling*
                              Arlene S. Zwilling
                              Assistant County Attorney

TO:

Alexander Klein, Esq.
Barket Epstein Kearon Aldea & Loturco, LLP
666 Old Country Road, Suite 700
Garden City, New York 11530